Peck, J.
delivered the opinion of the court.
We consider this a clear case for relief. The usury is confessed by the answer, and there is no justification in Childress’ receiving the usury from Mading. Though it was Coleman who borrowed the money on which the usury was taken, still, we are not to overlook the fact that Mading, who makes the payment, was a joint obli-gor with the borrower. Admit it to be true that Madmg made the payment voluntarily, still it was usury, and as the money was advanced, no matter on what pretence, equity will apply it as so much paid of the debt, in like manner as if the payment had been advanced prior to the loan to obtain it; otherwise this would be a shift and device to cover the usurious transaction. If no shift or device shall be permitted to cover usury, then it cannot, in this case, be tolerated that the money shall be paid and not allowed. All the parties are before the court, equity can be done and is done amongst the whole of them by giving to Childress what the law allows him to receive, and by allowing the payment as a credit - on the joint demand for which Coleman and Mading stand bound. They will be relieved of the hardship, which in the view the Chancellor has taken of the case, would otherwise rest upon them. On this point, the court really think the case too plain for grave consideration.
As to the question of jurisdiction, it is equally plain. The case, even though relief might have been reached at law, is certainly not plain and unembarrassed. The -very circumstance of the payment being made by Ma-ding, as well as the manner and time of it, render the question of coming at the right embarrassing; and surely when there is a clear equity, no demurrer to the bill, and *402 in a case, too, where our statutes contemplate an equitable proceeding by requiring an answer as to tbe usury, we will not be astute in ousting the jurisdiction. The decree must bereversed, and an account be taken between the parties disallowing all the usury, and crediting the judgment with the money paid by Mading.
Decree reversed.
Catron, Ch. J. absent.